IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| 2715 N. MILWAUKEE LLC, | ) | Bankruptcy No. 09 B 17543 |
| | ) | |
| Debtor. | ) | |

**MEMORANDUM OPINION ON THE MOTIONS OF DONALD ENGEL AND JAMES CAPPELLO FOR AN ORDER DEEMING CLAIMS NINE AND TEN TIMELY FILED OR IN THE ALTERNATIVE EXTENDING THE BAR DATE PURSUANT TO BANKRUPTCY RULE 3003(c)(3)**

These two motions in this Chapter 11 case involve claims of Donald Engel and James Cappello against the debtor, 2715 North Milwaukee LLC (the "Debtor"). The Federal Deposit Insurance Corporation (the "FDIC") and Novoa, Inc., two creditors of the Debtor, objected that the claims were filed after a claims bar date fixed by court order. Engel and Cappello have moved for orders deeming their claims timely even though they in fact filed those claims after the passing of the ordered claims bar date.

On June 30, 2009, a claims bar date order (the "Bar Date Order") was signed setting the bar date as August 17, 2009. That date was never extended. Although it was signed, the Order was never entered by the Clerk on the Docket. Subsequently, Engel and Cappello filed their claims on September 17, 2009. The unfortunate failure to enter the Bar Date Order on the docket raises three questions: whether a claims bar date order has the effect of a "judgment" under former Rules 9021 & 9001(a)(7) Fed. R. Bankr. P.; whether a claims bar date is "fixed" under Rule 3003(c)(3) Fed. R. Bankr. P. if it is never entered on the Docket in compliance with Rule 5003 Fed. R. Bankr. P.; and whether amended Rule 9021 Fed. R. Bankr. P. moots the other issues.

For reasons discussed below, it is first held that no cause has been shown to extend the bar date after it expired. Second, a claims bar date order does have the effect of a judgment under the Bankruptcy Rules, and under former Rule 9021 such orders were not effective and claims bar dates were not fixed until such orders were docketed by the Clerk. Third, amended Rule 9021 now provides that orders as well as judgments are effective only when docketed. Therefore, because the Bar Date Order in this case was never entered on the docket, which was and is a condition precedent to its effectiveness, it never became effective. Consequently, no claims bar date has been fixed in this case, the claims in dispute are not time barred, and the objections to timeliness are overruled. Other disputed issues relating to the claims will be scheduled for status and to set final hearing thereon.

## JURISDICTION

Subject matter jurisdiction lies under 28 U.S.C. § 1334(b). This matter is before this Court pursuant to 28 U.S.C. § 157(a) & (b)(1) and is referred here by the District Court and its Internal Operating Procedure 15(a). This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(B), as it regards the "allowance or disallowance of [a] claim."

## FACTUAL BACKGROUND

The material facts and issues are undisputed. Prior to filing of the Debtor's Chapter 11 case, the Debtor hired Cappello to complete a $100,000 project to remodel to the Debtor's property. After Cappello completed the work, the Debtor allegedly failed to pay Cappello, which led Cappello to file a mechanics lien claim that was duly recorded on September 7, 2007, with the Cook County Recorder of Deeds. Also prior to filing of the Debtor's case, the Debtor hired James Engel to do legal work on its behalf in connection with its business. The Debtor was

unable to pay Engel at that time, instead issuing him a promissory note in the amount of $60,000 secured by a mortgage on the Debtor's real estate.

This voluntary Chapter 11 case was filed on May 14, 2009. On its schedules, the Debtor listed the claims of Engel and Cappello as "disputed." Notification as to commencement of the Chapter 11 case was sent to Engel on May 19, 2009, for his own benefit and as Cappello's attorney, through a notice of the creditors' meeting. Under the heading "Deadline to File a Proof of Claim," that notice stated, "notice of deadline will be sent at a later time."

On June 29, 2009, a docket entry was posted on the electronic docket that there would be a "[s]tatus hearing on setting bar date for filing non-administrative claims and bar date for objections to said claims to be held on 6/30/2009 at 11:30 a.m." The next day, the Notice and Order to All Creditors Setting Time to File Claims (the "Bar Date Order") was signed and the Deputy Clerk then stamped a copy of the Bar Date Order as "entered." Although that stamp was used on a copy of the Bar Date Order, the Clerk of the Bankruptcy Court never actually "entered" the Bar Date Order itself on the docket. The Bar Date Order provided that claims that arose prior to the case filing were to be filed with the Clerk by August 17, 2009.

On June 29, 2009, Engel was involved in moving his law offices. He sent a notice of his change of address to a number of parties, including the law firm that represented the Debtor in a foreclosure suit. However, Engel did not notify the Court or Debtor's bankruptcy counsel and apparently did not file any mail-forwarding instructions with the United States Postal Service.

On July 2, 2009, Debtor's counsel filed a certificate of service indicating that counsel had sent a copy of the Bar Date Order to the necessary creditors, including Engel on his own behalf as a creditor and as counsel to Cappello. Unaware of Engel's change of address, Debtor's counsel mailed the Notices of the Bar Date Order to Engel's old address. A copy of the Bar Date

Order was attached as an exhibit to the Certificate of Service, which was filed and docketed as entry number 35. The entry on the docket states, "Certificate of Service for Delivery of Claims Bar Date Order Filed by Gregory J Jordan on behalf of 2715 N. Milwaukee LLC. (Attachments: #1 Order Served on Creditors) (Jordan, Gregory) (Entered 07/02/2009)."

Many weeks later, on September 17, 2009, Engel went back to his former office for the first time since his office move to pick up mail sent to him at that address. Included in the mail was a copy of a Motion to sell real property. That motion indicated that neither Engel nor Cappello had filed claims in the case. On the same day, Engel then filed proofs of claim in this case on behalf of himself and Cappello. Engel asserts that he did not learn of the Bar Date Order, which had expired a month earlier, until after filing those proofs of claim. He finally learned of the Bar Date Order when a party with a competing lien on the property, namely Novoa, Inc., objected to the proofs of claim on several grounds including untimeliness under the Bar Date Order. Engel and Cappello then filed their pending motions for an order deeming their claims timely.

## DISCUSSION

### I. EXTENSION OF THE BAR DATE IS NOT WARRANTED UNDER RULE 3003(c)(3)

Engel and Cappello argue that for cause shown their claims may be deemed timely. Fed. R. Bankr. P. 3003(c)(3) ("The court . . . for cause shown may extend the time within which proofs of claim may be filed."). Generally, the extension of a time period "for cause shown" is governed by Rule 9006(b)(1), which states:

> the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefore is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

Fed. R. Bankr. P. 9006(b)(1). This allows the extension of a claims bar date for "cause shown" if the claims bar date fixed has not yet expired. This section of Rule 9006(b)(1) is inapplicable here as the alleged bar date had passed a month prior to the filing of the Engel and Cappello claims. However, if creditors can demonstrate excusable neglect, they may move for allowance of their claims even though the time period to has expired. *Id.*

In *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, the Supreme Court established a four-factor test for determining excusable neglect. 507 U.S. 380, 395 (1993). Namely: "[1] the danger of prejudice to the debtor, [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was in the reasonable control of the movant, and [4] whether the movant acted in good faith." *Id.*; *see also In re Kmart Corp.*, 381 F.3d 709, 713 (7th Cir. 2004).

Unfortunately for Engel and Cappello, Engel's actions, or lack thereof, are insufficient reasons for the delay and lack the good faith required for excusable neglect. Engel failed to file a forwarding address with the United States Postal Service and did not return to his former address for three-and-a-half months to obtain any mail that had been delivered. Engel has not offered any documentation or testimony that would suggest an illness or other terrible event that prevented him from completing these simple tasks. If failure of a lawyer to read mail addressed to his office can be viewed as "excusable," then the setting of schedules, dates, and other orders will never mean anything. Therefore, Engel's actions and omissions cannot be considered excusable neglect under Fed. R. Bankr. P. 9006(b)(1).

## II. THE CLAIMS BAR DATE ORDER WAS NOT DOCKETED AND THEREFORE WAS NOT EFFECTIVE

The Engel and Cappello claims are saved by omissions on the part of the Bankruptcy Court Clerk's staff and the Debtor: the Deputy Clerks failed to docket the Bar Date Order to make it effective, and the Debtor's counsel failed to verify that the order was docketed. As discussed below, a claims bar date order is tantamount to a judgment under former Rule 9021 Fed. R. Bankr. P., and mere attachment of the Bar Date Order as an exhibit to another docket entry did not meet the requirement of Rule 5003 Fed. R. Bankr. P. that the Clerk docket the actual Bar Date Order and the Order's date of entry. Under former Rule 9021, a judgment is not effective until it is properly docketed by the Clerk in accordance with Rule 5003. A claims bar date order has the force and effect of a judgment, so the Bar Date Order never became effective under former Rule 9021.

A bankruptcy judge must "fix and for cause shown . . . extend the time within which proofs of claim or interest may be filed." Fed. R. Bankr. P. 3003(c)(3). In order for the time to be fixed, the Bankruptcy Rules require several conditions precedent. First, an order must be signed setting the bar date—a claims bar date order. Second, notice of the order must be served on all creditors. Third, the Clerk of the Bankruptcy Court must not only enter the Claims Bar Date Order on the docket but also docket the date of entry. Finally, the Clerk must keep and index the order.

The FDIC and Novoa challenge two of those conditions precedent, asserting that the Bar Date Order can be effective without entry on the docket because, they suggest, under the old version of Rule 9021, which they discussed, only judgments are ineffective until placed on the docket and a claims bar date order is not a judgment. Second, they argue that even if the Bar

Date Order is a judgment, the Debtor entered the Bar Date Order on the docket when it attached the order as an exhibit to the Certificate of Service that resulted in docket entry number 35.

### A. Rule 5003 Fed. R. Bankr. P. Requires the Clerk to Keep a Docket that Reflects the Date of Entry of Every Judgment and Order

Bankruptcy Rule 5003 orders the Clerk of the Bankruptcy Court to serve as a keeper of docket information, available to the parties-in-interest, so those involved in a case may have a public means by which to receive—or find—information concerning their rights. The Rule specifically provides:

> [t]he clerk shall keep a docket in each case under the Code and shall enter thereon each judgment, order, and activity in that case as prescribed by the Director of the Administrative Office of the United States Courts. *The entry of a judgment or order in a docket shall show the date the entry is made.*

Fed. R. Bankr. P. 5003(a) (emphasis added).

The FDIC and Novoa argue that the Bar Date Order *was* entered on the docket, being physically attached as an exhibit to the notice of the claims bar date order. This argument ignores the actual language of Rule 5003(a), the established meaning of the term "entered," and an important piece of the docketing process under the electronic filing system: the linking back of a notice to the order for which notice is being given.

1.  <u>The Language of Bankruptcy Rule 5003 Requires the Clerk to List the Date a Judgment or Order is Placed on the Docket</u>

Rule 5003(a) Fed. R. Bankr. P. imposes three duties on the Bankruptcy Clerk: (1) the Clerk must keep a docket; (2) the Clerk must enter on the docket all of the judgments and orders entered in a case; and (3) all of the judgments and orders must show the date the entry is made. All of these requirements are mandatory and the omission of any of them directly affects the validity of an order.

Although the Debtor attached a copy of the Bar Date Order when filing the proof of service of the Notice of the Claims Bar Date Order, this did not satisfy the requisites of Rule 5003(a). Without meeting the three criteria listed above, the Bar Date Order cannot be considered "entered" on the docket and, therefore, the claims bar date has not been established or fixed.

    2.    <u>"Entry" of a Judgment or Order in the Seventh Circuit Requires a Separate Written Document and an Appropriate Notation on the Docket</u>

"Entry" on the docket is well defined in the Seventh Circuit and calls for strict adherence to the language of Rule 5003(a). *Stelpflug v. Fed. Land Bank of St. Paul*, 790 F.2d 47, 49 (7th Cir. 1986). "'Entry' . . . occurs only when the essentials of a judgment or order are set forth in a written document separate from the court's opinion or memorandum *and* when the substance of this separate document is reflected in an appropriate notation on the docket sheet assigned to the action." *Id.* (*quoting Caperton v. Beatrice Pocahontas Coal Co.*, 585 F.2d 683, 688 (4th Cir. 1978)) (emphasis in original).

The FDIC and Novoa essentially argue that any placement on the docket of some reference to a copy of an order or judgment is acceptable. However, such an argument fails to comport with the actual language of the Rule 5003(a) and would render its last sentence superfluous. *See* Fed. R. Bankr. P. 5003(a) ("The entry of a judgment or order in a docket shall show the date the entry is made."). The requirement of a separate entry for judgments and orders, an entry that reflects the date entered on the docket, is as crucial as the notice given to the creditors because the date of entry reflects the effective date of the order and triggers the appeals process. *Stelpflug*, 790 F.3d at 49. The appeals process demands a timely notice of appeal, and the failure to file an appeal in a timely manner is jurisdictional. The rules governing jurisdiction are designed to work in a mechanical fashion; indeed, the failure to meet the jurisdictional

deadlines imposed by the appellate rules results in the loss of the appeal. *See id.* It is for this reason that a docket entry as to an order or judgment should and can only occur once the *Clerk* has entered the actual order or judgment on the docket.

Appending a copy of the Bar Date Order to the Notice of Claims bar dateOrder therefore fails to meet the requirements of Rule 5003(a). This means that it fails to constitute an entry on the docket. Docketing a certificate of service as to notice with the order attached does not docket the order as a separate document, nor does that indicate a date the Clerk entered the original order on the docket.

### 3. Under the Electronic Filing System, the Linking Back of a Notice to the Order for Which Notice Is Being Served Serves as a Check of the Orders the Effectiveness of That Order for the Clerk, the Debtor and the Creditors

When the Debtor filed the Notice of service of the Bar Date Order on the docket, the Debtor and the Clerk should have each electronically linked the Notice back to the Order for which notice was given. However, that linking was impossible here because the Clerk never entered the original Bar Date Order on the docket.

The link-back process serves as a check for both the Clerk and the parties. The inability to link back to an order should be a red flag to parties who want orders to be effective. Indeed, Chapter 11 debtors who want claims bar date orders to be effective should make sure that they have been docketed, a check that can be completed from their offices. Of course, failure to link a notice to an original order should also have been a red flag to clerical staff of the Clerk.

### B. The Bar Date Order Is a Judgment for Purposes of Rule 9021

Until amended on December 1, 2009, Rule 9021 Fed. R. Bankr. P., the separate-document rule, applied only to "judgments," which the Bankruptcy Rules define as "any appealable order." *See* Fed. R. Bankr. P. 9001(a)(7).

Relying on *In re Schreiber*, 141 B.R. 1008, 1014 (Bankr. N.D. Ill. 1993), the FDIC and Novoa argue that the Bar Date Order is not a judgment because, they suggest, it is not an appealable order. The objectors contend that the Bar Date Order is an uncontested order, which is not final or appealable and does not dispose of a substantive right. *See Schreiber* 141 B.R. at 1014.

In *Schreiber*, a Chapter 11 trustee sought to avoid claims of certain creditors after the trustee's statute of limitations for bringing the avoidance claims had run under 11 U.S.C. 546(a)(1). *Id.* at 1009–10. The trustee argued that Bankruptcy Rules 9021 and 5003 mandate that a judgment is effective only when entered on the docket and that the order appointing him as trustee had not been entered on the docket until thirteen days after his appointment. *Id.* at 1013. The *Schreiber* ruling disagreed, stating that "[a] judgment is defined by the bankruptcy rules as 'any appealable order[,]'" and that "an uncontested order appointing a trustee is not appealable since it is not a final decision and does not dispose of a substantive right." *Id.* at 1014.

1. A Claims Bar Date Order Affects a Substantive Right of the Creditors

The most glaring difference between the case at hand and *Schreiber* is the type of order at issue. In this case, the order in question is a claims bar date order, which certainly affects a substantive right of the creditors—that is, the time period in which a party can file its claims, disregard of which can eliminate the claims. *Schreiber* dealt with an order to appoint a trustee, a ministerial action. Although both orders usually occur in the opening stages of the bankruptcy case, the appointment of a trustee does not have a direct effect on distribution of estate assets. The creation of a claims bar date creates a firm limitations period and essentially strips a creditor of its right to collect from the debtor's estate if the creditor fails to file its claim by the date established. This date is usually created without knowledge of the creditor, who must be sent

notice of the date or read it on the court docket. Without knowledge of the proceeding establishing the claims bar date, the creditor would lose rights peremptorily based on an order entered that cuts off the creditor's right completely. It is for this reason that the creditor must be sent notice of the claims bar date. The duty to send notice of the claims bar date to creditors before the claims bar date can be effective derives from Bankruptcy Rule 2002(a)(7). That Rule requires the Clerk, or a designated party, to provide creditors with twenty days' notice—changed to twenty-one days as of December 1, 2009—of the date fixed as the claims bar date. Fed. R. Bankr. P. 2002(a)(7).

2. <u>A Claims Bar Date Order May Be Established Without Initial Knowledge of Affected Parties Who Therefore Have No Chance to Contest the Date When Originally Set</u>

A claims bar date is usually entered early in a Chapter 11 case without any notice to creditors being required in advance of the proceeding to set the bar date. Once the date is established and creditors receive the required notice, a creditor may seek an extension of time "for cause shown." Fed. R. Bankr. 3003(c)(3); Fed. R. Bankr. P. 9006(b)(1).

Here, entry of the Bar Date Order was uncontested because the only notice that a bar date would be set was an entry on the docket the day before the scheduled hearing. *See* Docket No. 30 ("Status hearing on setting bar date for filing non-administrative claims and bar date for objections to said claims to be held on 6/30/2009."). The Bar Date Order was signed on June 30, 2009, without knowledge of Engel and Cappello. There was no proceeding to fix the claims bar date that might morph into a contested proceeding because the parties who might object were unaware in advance that the bar date was being set.

One opinion has held that a claims bar date does not qualify as a final order. The opinion in *In re Hooker Investments, Inc.*, held that a bar date order is not a final order because, "an order

is not final if it constitutes only an initial step in the bankruptcy process" and a claims bar date order is "a largely ministerial act designed to bring to light all claims against the debtor . . . [and] does [not] have any direct effect on the disposition of the assets of the estates." 122 B.R. 659, 662 (S.D.N.Y. 1991). With all due deference to the *Hooker Investments* opinion, that ruling fails to account for the loss of the creditors' rights and undervalues the power of a claims bar date to destroy those rights. Events requiring notice under Rule 2002 are "significant events in a case under the Bankruptcy Code," and the right of a creditor to file a claim is certainly significant to the creditors of an estate with assets. *See* Fed. R. Bankr. P. 2002 Advisory Committee note (1983).

    3.    <u>Even If the Bar Date Order Is Not Considered a Judgment, the Amendment to Rule 9021 Covers All Orders and Judgments</u>

The amendment to Bankruptcy Rule 9021, which became effective December 1, 2009, applies the Rule specifically to orders as well as judgments. The amendment removed the references to Rule 58 Fed. R. Civ. P. and shortened Rule 9021 to one sentence: "A judgment or order is effective when entered under Rule 5003." This amendment certainly settles the issue as to whether an order must be docketed even where there may not be a "judgment" involved and even if a substantive right is not affected by the order.

When the amendments to the Federal Rules of Bankruptcy Procedure that included amended Rule 9021 were ordered into effect as of December 1, 2009, the Supreme Court Order provided: "The foregoing amendments to the Federal Rules of Bankruptcy Procedure shall take effect on December 1, 2009, and shall govern in all proceedings thereafter commenced and, insofar as just and practicable, all proceedings then pending." Supreme Court Order on Rules of Bankruptcy Procedure 3 (Mar. 26, 2009), available at http://www.supremecourtus.gov/orders/

courtorders/frbk09.pdf. This proceeding was pending as of that effective date, and it is both just and practicable to apply it here. No substantive right to defend against the claims has been lost by the debtor, nor any impediment to application of the changes shown.

Notice of that amendment, along with notice of other amendments to Bankruptcy Rules, was promulgated by the Supreme Court long before the issues arose here, but no party here has briefed the effect of this change.

## CONCLUSION

It has been long-standing practice of most bankruptcy lawyers in this District to present orders asking the Judge to sign them as follows:

"Entered: _____."
(Judge's name)

This demonstrates that they do not understand that the Clerk "enters" the order by entering it on the docket. The Judge signs the order but does not "enter" it at all.

The convention is that the Judge directs the Clerk to enter a judgment on the docket by directing that action as required by Rule 9021 Fed. R. Bankr. P. through use of the following directive to the Clerk:

"Enter: _____."
(Judge's name)

The difference is more than a grammatical suffix; it relates to a matter of substance under the rules. The effect of this point can be critical and absence of the Clerk docketing an order can have consequences. Both routine and vital orders are simply not effective until they are docketed. On such small but important hinges do great doors and important rulings turn.

Of course the Clerk and his staff have responsibilities to docket all orders and judgments, and of course the judges want that to happen. But despite the fact that our Clerk and staff are

incredibly dedicated and hard-working people, there will always be the possibility of human error as long as judgments and orders are signed on paper that must be scanned into the electronic system. So counsel who successfully move for orders would be wise to have a routine to verify that their orders are docketed.

For reasons stated, the claims of Donald Engel and James Cappello are not barred by the August 17, 2009, claims bar date, even though their request to extend the date is not justified by excusable neglect. Indeed, a claims bar date that is effective on any claimants has yet to be established in this case by an order that is docketed. Therefore the claims objections based on asserted untimely filing are overruled.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Dated this 29th day of January, 2010.